

MANDATE

SDNY/NYNY
07-cv-10972
Preska

08-4604-cv; 08-6053-cv; 08-4818-cv
Psenicska v. Twentieth Century Fox Film Corp.; Streit v. Twentieth Century Fox Film Corp.; Martin v. Charles

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 1 0 2009

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand nine.

PRESENT:  ROGER J. MINER,
JOHN M. WALKER, JR.,
REENA RAGGI,
*Circuit Judges.*

----

MICHAEL PSENICSKA,

*Plaintiff-Appellant,*

v.                                              No. 08-4604-cv

TWENTIETH CENTURY FOX FILM CORPORATION,
ONE AMERICA PRODUCTIONS, INC., TODD LEWIS,
SACHA BARON COHEN,

*Defendants-Appellees.*

----

DEC - 9 2009

ISSUED AS MANDATE

---
CINDY STREIT, BEN K. McKINNON, MICHAEL M.
JARED, LYNN S. JARED and SARAH MOSELEY,
    *Plaintiffs-Appellants*,
   v.            No. 08-6053-cv

TWENTIETH CENTURY FOX FILM CORPORATION,
ONE AMERICA PRODUCTIONS, INC., SPRINGLAND
FILMS, TODD LEWIS SCHULMAN, MONICA
LEVENSON, JULIE LYNN CHOUNARD, SACHA
BARON COHEN, EVERYMAN PICTURES and
DUNE ENTERTAINMENT, LLC,
    *Defendants-Appellees*,

GOLD/MILLER PRODUCTIONS, MAJOR STUDIO
PARTNERS, INC., FOUR BY TWO PRODUCTIONS
COMPANY, PETER BAYNHAM, DAN MAZER and
ANTHONY HINES,
    *Defendant.*
---
KATHIE MARTIN,
    *Plaintiff-Appellant*,
   v.            No. 08-4818-cv

LARRY CHARLES, MONICA LEVINSON, JAY ROACH,
EVERYMAN PICTURES, TWENTIETH CENTURY
FOX FILM CORPORATION, ONE AMERICA
PRODUCTIONS, INC., SPRINGLAND FILMS, DUNE
ENTERTAINMENT, LLC, MTV NETWORKS, doing
business as COMEDY CENTRAL, DAKOTA NORTH
ENTERTAINMENT, INC., FOUR BY TWO
PRODUCTIONS COMPANY, SACHA BARON COHEN,
TODD SCHULMAN,
    *Defendants-Appellees*,

DAN MAZER, ANTHONY HINES, PETER BAYNHAM,
TODD PHILLIPS, GOLD/MILLER PRODUCTIONS,
JOHN DOES, Nos. 1-5,
    *Defendants.*
---

| | |
|---|---|
| APPEARING FOR APPELLANTS: | PETER M. LEVINE, New York, New York, *for Michael Psenicska*. |
| | ADAM RICHARDS, New York, New York, *for Cindy Streit, Ben K. McKinnon, Michael M. Jared, Lynn S. Jared, Sarah Moseley, and Kathie Martin*. |
| APPEARING FOR APPELLEES: | SLADE R. METCALF (Katherine M. Bolger and Rachel F. Strom, *on the brief*), Hogan & Hartson LLP, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 24, 2008, dismissing the complaints in all three of these cases is AFFIRMED.

In these related actions, plaintiffs, all of whom appear in the movie <u>BORAT – Cultural Learnings of America for Make Benefit Glorious Nation of Kazakhstan</u>, sued defendants for, inter alia, fraud, unjust enrichment, and infliction of emotional distress based on purported oral misrepresentations about the nature of the film. Specifically, plaintiffs charge defendants with misrepresenting the film as (1) a documentary, (2) about a foreign reporter or dignitary from a former Soviet bloc country and his experiences in the United States, (3) to be broadcast on Belarus television.[1] Plaintiffs here appeal the district court's dismissal of

---

[1] Psenicska claims that he was told the film would be a "documentary about the integration of foreign people into the American way of life." Appellant Psenicska's Br. at 10.

3

their complaints pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that their suits were barred by a provision of their signed Standard Consent Agreement ("Agreement") disclaiming reliance on "any promises or statements made by anyone about the nature of the Film or the identity of any other Participants or persons involved in the Film." Agmts. ¶ 5.

We conduct de novo review of a Rule 12(b)(6) judgment of dismissal, accepting as true all allegations in the complaint and drawing all reasonable inferences in favor of the plaintiffs. See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Agreement Ambiguity

Plaintiffs assert that to the extent the Agreements were limited to a "documentary-style film," ambiguity as to the meaning of that term precluded the district court from relying on the release provision of the Agreements to dismiss their complaints. Because contract ambiguity is a question of law, we construe the language at issue de novo. See Aon Fin. Prods., Inc. v. Société Générale, 476 F.3d 90, 95 (2d Cir. 2007); Jessica Howard Ltd. v. Norfolk S. Ry. Co., 316 F.3d 165, 168 (2d Cir. 2003). We reach the same conclusion as the district court: no reasonable trier of fact could find that Borat was not a documentary-style film.

While the character "Borat" is fictional, the film unmistakably tells the story of his travels in the style of a traditional, fact-based documentary. Indeed, the film's stylistic similarity to the straight documentary form is among its central comedic conceits, employed

4

to set the protagonist's antics in high relief. Thus, as the district court correctly observed, the film "comprises interviews with real people and depictions of real events that are intended to provide a factual record or report albeit of a fictional character's journey across America." Psenicska v. Twentieth Century Fox Film Corp., 07 Civ. 10972(LAP), 2008 WL 4185752, at *5 (S.D.N.Y. Sept. 3, 2008) (internal quotation marks omitted). Whatever the outer reaches of the "documentary-style" genre, Borat falls well shy of the frontier.

Accordingly, we reject plaintiffs' argument that ambiguity precluded reliance on the Agreements' release provisions as a ground for dismissal.

2.  Reliance on the Release Provisions

Plaintiffs assert that the district court erred in finding their fraudulent inducement claims barred by the Agreements' release provisions. We are not persuaded.

Under New York law, reasonable reliance is an essential element of fraudulent inducement. See Fax Telecommunicaciones, Inc. v. AT&T, 138 F.3d 479, 490 (2d Cir. 1998); Stone v. Schulz, 231 A.D.2d 707, 708, 647 N.Y.S.2d 822, 823 (2d Dep't 1996). Generally, where a plaintiff "has in the plainest language announced and stipulated that it is not relying on any representations as to the very matter as to which it now claims it was defrauded," the disclaimer "destroys the allegations in plaintiff's complaint that the agreement was executed in reliance upon these contrary oral representations." Danann Realty Corp. v. Harris, 5 N.Y.2d 317, 320-21, 184 N.Y.S.2d 599, 602 (1959); see also Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 785 (2d Cir. 2003) (observing that under New York law "a party cannot justifiably rely on a representation that is specifically

5

disclaimed in an agreement"). Plaintiffs invoke an exception to this rule which provides that when the facts at issue are "peculiarly within the misrepresenting party's knowledge," even a specific disclaimer will not defeat a claim of reasonable reliance. Warner Theatre Assocs. Ltd. P'ship v. Metro. Life Ins. Co., 149 F.3d. 134, 136 (2d Cir. 1998). The exception is inapplicable here.

The "peculiar-knowledge" exception is meant to "address circumstances where a party would face high costs in determining the truth or falsity of an oral representation" and does not apply where a party "could have insisted that the written contract terms reflect any oral undertaking on a deal-breaking issue." Id. Here, plaintiffs apparently appeared in the film without taking any steps to confirm the oral representations on which they claim to have relied, even such cost-free steps as asking to meet the "reporter" or to learn his name. See Appellant Martin's Br. at 7. Moreover, plaintiffs do not – and cannot – claim that they would have sustained any collateral harm in simply walking away from defendants' film offer if they were denied written terms that precisely satisfied their conditions for appearing. This is not to suggest that defendants' alleged conduct, if true, does them any credit. We conclude simply that plaintiffs' cases do not fall within the exception to the rule holding parties to the terms of written releases.

In an effort to avoid this conclusion, plaintiffs argue that defendants had a duty to disclose more information. Reasonable reliance, however, is essential to a claim of duty to disclose or fraudulent concealment. See, e.g., P.T. Bank Cent. Asia v. ABN AMRO Bank N.V., 301 A.D.2d 373, 376, 754 N.Y.S.2d 245, 250 (1st Dep't 2003). Plaintiffs cannot claim

6

such reliance because nothing in the Agreements could possibly be read affirmatively to suggest that the film was a documentary about a foreigner's travels in the United States to be shown on Belarus television. Plaintiffs could have formed such an impression only from the alleged oral misrepresentations. In this respect, we agree with the district court that plaintiffs' "duty" argument reduces to "restyling their allegations of misrepresentation as allegations of omission." Psenicska v. Twentieth Century Fox Film Corp., 2008 WL 4185752, at *6. However plaintiffs cast their claims, dismissal was compelled by the short, clear, unambiguous disclaimer of reliance on any oral statements about the film or the identities of the people making it.

We have considered all of the plaintiffs' remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By: [signature]

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by [signature]